UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES DONOHUE,

    Plaintiff,

                                        Case No.12-14413

vs.                                        HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (#15), OVERRULING PLAINTIFF'S OBJECTIONS (#16), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#14), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#11), AND DISMISSING PLAINTIFF'S CLAIMS**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Robert James Donohue's claim for judicial review of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge David R. Grand, who issued a Report and Recommendation on August 21, 2013, recommending that Plaintiff's Motion for Summary Judgment be DENIED, Defendant's Motion for Summary Judgment be GRANTED, and the Commissioner's findings

and conclusions be AFFIRMED. Plaintiff filed Objections on September 3, 2013. For the reasons that follow, the Court ACCEPTS Magistrate Judge Grand's recommendation.

## II.     PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") on March 26, 2009. (Tr. 99-106). After his claim was denied, Plaintiff's requested a hearing before an Administrative Law Judge ("ALJ"). On May 18, 2010, the ALJ held a hearing on Plaintiff's claims. On June 22, 2010, the ALJ issued a decision denying Plaintiff's claim.

The Appeals Council of the Social Security Administration denied Plaintiff request for review of the ALJ's decision on August 3, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Plaintiff initiated this civil action with the Court on October 5, 2012 for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## III.    LAW & ANALYSIS

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2012). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."

*Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of the administrative record, the parties' briefings, the Report and Recommendation, and Plaintiff's Objections, the Court finds that the Magistrate Judge reached the correct conclusion and substantial evidence supported the ALJ's decision.

Plaintiff's first objection is that the ALJ's findings on his residual functional capacity ("RFC") are not supported by substantial evidence. (Pl.'s Obj. at 1). After his December 2007 surgery, Plaintiff was released with no work restriction. Moreover, his physician's notes indicated the "surgery resolved his symptoms[.]" *Id.* at 11. After the March 2009 surgery, Plaintiff did experience some pain. With the help of physical therapy, his condition improved. *Id.* at 12. However, his treating physician did impose a permanent work restriction of lifting no more than thirty-five pounds. *Id.* The ALJ concluded that the Plaintiff could perform the full range of light work. (R&R at 9). Based on the testimony of the vocational expert ("VE"), the ALJ found Plaintiff could perform a number of jobs that existed in the economy, including his past relevant work. *Id.* at 9-10. Furthermore, the ALJ correctly concluded Plaintiff's testimony supported his RFC finding. (Def.'s Mot. at 6; Tr. 207-214). Plaintiff testified he was "better" and the shoulder gave him problems "every now and then." (Tr. 17-18, 37). After July of 2009, there were no further treatments on Plaintiff's shoulder. (Def.'s Mot. at 6). The record does contain a note by Plaintiff's treating physician from August of 2009, but as an addendum to his notes from a July treatment session. *Id*. This note does not change any prior diagnoses. *Id*. Plaintiff's objection is unpersuasive and fails to establish the ALJ's decision was not based on substantial evidence.

Plaintiff's next objection is that the ALJ's decision is not supported by substantial evidence and the decision should be reversed or remanded because of conflicting and uncorrected treating and medical physician opinions. Plaintiff bases his argument for a remand on a set of forms Plaintiff's treating physician completed for Plaintiff's employer. The physician filled in a pre-printed insurance form without addressing any of Plaintiffs limitations, and simply stated that Plaintiff's condition deteriorated and he was disabled. (R&R at 6-7). According to Plaintiff, these forms and the RFC assessment of the state agency decision maker contradict one another. (R&R at 7). The RFC assessment stated Plaintiff could stand and/or walk for six hours in an eight hour workday, sit for six hours in an eight hour workday, and avoid reaching overhead with his right arm. The assessment concluded Plaintiff still had the ability to lift twenty pounds occasionally, and could lift ten pounds frequently.

The objection is a rephrasing of Plaintiff's Motion for Summary Judgment argument for a "sentence six" remand. Although Plaintiff's forms include information identical to the state agency decision maker, it does not change the Courts finding that the ALJ correctly gave the comments in the form little weight. Therefore, the ALJ did not have to state how much weight he gave that testimony. Moreover, that testimony supports the ALJ's finding that the Plaintiff could perform his past work with a light level of exertion. Plaintiff's second objection is unpersuasive and fails to establish the ALJ's decision was not based on substantial evidence.

Lastly, Plaintiff objects to ALJ's finding of transferability of employment skills given his advanced age. (Pl.'s Obj. at 4). Plaintiff argues this finding is not supported by substantial evidence. *Id*. The ALJ based this finding on the testimony of the VE. (R&R at 8). Plaintiff argues the VE's suggested thirty-day transition period is too long given his age. Again, this is an attempt to reargue an assertion from Plaintiff's Motion for Summary Judgment.

Work is transferable if the light work is so similar to the previous work that one needs very little vocational adjustment in order to engage in the work. 20 C.F.R. § 404.1568 (2012). The VE testified that Plaintiff could perform his managerial job at a different plant after a thirty day adjustment. (Tr. at 25-28). VE did not change his testimony even after Plaintiff testified that he only spent an hour a day managing less than ten employees. *Id*. Plaintiff overlooks the Social Security Administration position on transferability and age. Soc.Sec.Rep.Serv. 847 (S.S.A 1982). There must be little or no adjustment period for person over the age of 55. *Id*. Semi-skilled work requires more than thirty days of adjustment, and the complexity of dealing with people requires special consideration. *Id*. Given Plaintiff's background and experience managing people and testimony regarding his symptoms, substantial evidence supports a finding that thirty day adjustment is appropriate in this case. Therefore, Plaintiff's objection fails to show the ALJ's finding is not supported by substantial evidence.

## IV.    CONCLUSION

Accordingly, Plaintiff's Objections [#16] are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate David R. Grand's August 21, 2013 Report and Recommendation [#15], GRANTS Defendant Commissioner's Motion for Summary Judgment [#14], DENIES Plaintiff Robert James Donohue's Motion for Summary Judgment [#11], and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated:  November 26, 2013

                 s/Gershwin A. Drain
                 GERSHWIN A. DRAIN
                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 26, 2013, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk